IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EUGENE COSEY,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE REPLY TO § 2255 PETITION<br><br>Case No. 2:11-CV-104 TS |

Petitioner moves for summary judgment on his § 2255 petition because the government did not timely serve him with a copy of its Response. The government responds that it served copies of its Response on Petitioner April 15, 2011, and May 2, 2011. Petitioner also requests an extension of time to file a reply to the government's Response because the government did not timely file its certificate of service and he did not receive the Response in time to file a reply. The government does not oppose an extension.

The Court finds that the government timely filed its Response on March 31, 2011, but did not serve copies on Petitioner until later. It appears that the delay may have resulted from a mixup regarding which party filed the Response.[1] On April 15, 2011, Defendant sent a letter, lodged in the file as Docket No. 4, saying he did not receive a response. The government says it mailed him a copy that same day, April 15, 2011.[2] On April 29, 2011, Petitioner filed his Motion for Summary Judgment arguing he had still received no Response. On May 2, 2011, Petitioner filed his Motion for Extension of time, again raising the lack of information in the file that he had been served with the Response. The same day, May 2, 2011, the government re-served a copy of its Response on Petitioner by FedEx overnight delivery.[3]

Petitioner has received the May 2, 2011 copy as shown by the FedEx mailing label attached to his filing at Docket No. 9. The Court finds that any prejudice to Petitioner by not timely receiving a copy of the government's Response can be cured by granting his request for an extension of time in which to file a Reply.

The Court will deny summary judgment. To the extent that Federal Rule of Civil Procedure 56 applies to this case,[4] Petitioner has not shown that he is entitled to judgment

---

[1] *See* Docket No. 3 (noting entry "was modified on 4/21/2011 to reflect that response was filed by respondent USA rather than the petitioner").

[2] Docket No. 8, at 1.

[3] *Id*. and Docket No. 9 at 5.

[4] *See* Fed.R.Civ.P. 81(a)(4)(A) (providing that Federal Rules of Civil Procedure apply to habeas proceedings" to the extent that the practice in those proceedings: (A) is not specified in a federal statute , . . . or the Rules Governing Section 2255 Cases").

as a matter of law. As the Tenth Circuit has held, even if there is no response to a motion for summary judgment, summary judgment is not appropriate unless there is also a showing by the movant that judgment should be entered.[5]  It is therefore

ORDERED that Petitioner's Motion for Summary Judgment (Docket No. 6) is DENIED.  It is further

ORDERED Petitioner's Motion for an Extension of Time to file a Reply (Docket No. 7) is GRANTED and Petitioner has until September 30, 2011, to file a Reply to his § 2255 petition.

DATED   August 11, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).