IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EUGENE THOMAS COSEY,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br>Civil Case No. 2:11-CV-104 TS<br><br>Criminal Case No. 2:09-CR-406 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On June 24, 2009, Petitioner was charged in a three-count Indictment charging felon in possession of a firearm, possession of a stolen firearm, and transferring a firearm to a juvenile. The government dismissed the third count of the Indictment and Petitioner proceeded to trial on the remaining counts on December 2, 2009. Petitioner was found guilty of being a felon in

1

possession of a firearm, but not guilty of possession of a stolen firearm. The Court sentenced Petitioner to 40 months custody on February 17, 2010.

Petitioner filed a direct appeal, raising a single sentencing issue. The Tenth Circuit Court of Appeals affirmed the sentence on October 21, 2010.[1] Petitioner timely filed his § 2255 Petition on January 24, 2011.

## II. DISCUSSION

Petitioner appears to raise five claims in his Motion. First, Petitioner argues that there was insufficient evidence to support his conviction. Second, Petitioner argues that his case should have been dismissed because of witness credibility problems. Third, Petitioner takes issue with audio evidence used at trial. Fourth, Petitioner argues that the Court made his case a "racial issue." Finally, Petitioner asserts a claim for ineffective assistance of counsel.

A.  PROCEDURAL BAR

The government argues that the majority of Petitioner's claims are procedurally barred because he did not raise them on direct appeal.

The Supreme Court has ruled that because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[2] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters that should have been raised on appeal.[3] Further, if an issue is not raised on direct appeal, the

---

[1] *United States v. Cosey*, 399 Fed.Appx. 380 (10th Cir. 2010).

[2] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[3] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[4]

The vast majority of the issues presented in the instant § 2255 Motion could have been, but were not, raised on direct appeal. Therefore, these claims are procedurally barred and can only be considered if Petitioner can establish cause and prejudice or a fundamental miscarriage of justice.

Petitioner makes a claim that these issues were not raised based on ineffective assistance of counsel. Ineffective assistance of counsel can constitute cause for a procedural default.[5] The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[6]

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that counsel functioned deficiently.[7] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth

---

[4]*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982).

[5]*Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[6]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[7]*Strickland*, 466 U.S. at 687.

3

Amendment."[8]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[9]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[10]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[11]

A court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[12]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[13]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[14]

> The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. Consequently, appellate counsel engage in a process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail.  The weeding out of weak claims to be raised on appeal is the hallmark of effective advocacy . . . because every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and

---

[8]*Id*.

[9]*Id*.

[10]*Id*.

[11]*Id*.

[12]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[13]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[14]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

4

reduces appellate counsel's credibility before the court. Consequently, [a]ppellate counsel will . . . frequently remain above an objective standard of competence . . . and have caused her client no prejudice . . . for the same reason—because she declined to raise a weak issue.

Conversely, an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," even though counsel may have presented strong but unsuccessful claims on appeal. Although courts have not defined the term "dead-bang winner," we conclude it is an issue which was obvious from the trial record . . . and one which would have resulted in a reversal on appeal. By omitting an issue under these circumstances, counsel's performance is objectively unreasonable because the omitted issue is obvious from the trial record. Additionally, the omission prejudices the defendant because had counsel raised the issue, the defendant would have obtained a reversal on appeal.[15]

Petitioner has not met this heavy burden here. A review of the claims raised in Petitioner's § 2255 Motion reveals no "dead-bang winners." Rather, the record reveals that counsel on appeal acted effectively by "winnowing out weaker arguments on appeal and focusing on those more likely to prevail."[16] Petitioner provides the Court with a letter from his appellate counsel in which counsel makes this clear. In that letter, counsel represents that Petitioner's brief on appeal raises what "appears to me to be the only non-frivolous issue present in your case."[17] Therefore, Petitioner has not shown cause to excuse his procedural default and the Court will not reach the merits of Petitioner's claims, except his claim for ineffective assistance claim.

---

[15]*United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995) (internal quotation marks and citations omitted).

[16]*Id*. at 394.

[17]Docket No. 13 at 8.

B.  INEFFECTIVE ASSISTANCE

Construing Petitioner's Motion liberally, he makes various claims of ineffective assistance. As set forth above, Petitioner must show both deficient performance and prejudice to prevail on an ineffective assistance claim.

Petitioner appears to argue that his counsel was ineffective in failing to challenge the sufficiency of the evidence. To the extent that Petitioner is arguing that there was insufficient evidence to support his conviction, that claim is barred for the reasons set forth above. To the extent that Petitioner is claiming ineffective assistance of counsel for failing to challenge the sufficiency of the evidence, the Court finds that Petitioner has failed to show deficient performance. The record reveals that counsel did, in fact, challenge the sufficiency of the evidence throughout trial and in a motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29. Further, there was ample evidence at trial to support a finding that Petitioner did possess the firearm.

Petitioner next appears to argue that counsel failed to file a motion to dismiss based on the lack of credibility of one of the witnesses. The Court cannot find counsel's performance to be deficient. Witness credibility problems do not provide a basis to dismiss. Further, counsel vigorously examined Mr. Harvey and called his credibility into question. Therefore, this claim fails.

Petitioner also argues that counsel was ineffective in failing to question whether it was Petitioner's voice on the recorded interview. The Court cannot find counsel's performance to be deficient because the officer involved in interviewing Petitioner testified that the audio recording

6

was of Petitioner's interview. Petitioner presents nothing to suggest that this testimony could have been or should have been challenged. Therefore, the Court must reject this claim.

Petitioner makes further vague claims of ineffective assistance and claims that the Court made his case a "racial issue." These vague allegations contain no support in the record and such conclusory allegations cannot support his ineffective assistance claims.

### III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in Case No. 2:11-CV-104 TS) is DENIED.

The Clerk of the Court is directed to close Case No. 2:11-CV-104 TS forthwith.

DATED   September 27, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge